Justice Stevens,
with whom Justice Sotomayor joins, dissenting.
On October 31, 2003, Jeremy Fisher pointed a rifle at Officer Christopher Goolsby when Goolsby attempted to force his way into Fisher’s home without a warrant. Fisher was charged with assault with a dangerous weapon and possession of a dangerous weapon during the commission of a felony. The charges were dismissed after the trial judge granted a motion to suppress evidence of the assault because it was the product of Goolsby’s unlawful entry. In 2005 the Michigan Court of Appeals held that the trial court had erred because it had decided the suppression motion without conducting a full evidentiary hearing. On remand, the trial court conducted such a hearing and again granted the motion to suppress.
As a matter of Michigan law it is well settled that police officers may enter a home without a warrant “when they reasonably believe that a person within is in need of immediate aid.” People v. Davis, 442 Mich. 1, 25, 497 N. W. 2d 910, 921 (1993). We have stated the rule in the same way under federal law, Mincey v. Arizona, 437 U. S. 385, 392 (1978), and have explained that a warrantless entry is justified by the “ 'need to protect or preserve life or avoid serious injury,’ ” ibid. The State bears the burden of proof on that factual issue and relied entirely on the testimony of Officer Goolsby in its attempt to carry that burden. Since three years had passed, Goolsby was not sure about certain facts — such as whether Fisher had a cut on his hand — but he did remember that Fisher repeatedly swore at the officers and told them to *51 get a warrant, and that Fisher was screaming and throwing things. Goolsby also testified that he saw “mere drops” of blood outside Fisher’s home, No. 276439, 2008 WL 786515, *2 (Mich. App., Mar. 25, 2008) (per curiam) (summarizing Goolsby’s testimony), and that he did not ask whether anyone else was inside. Goolsby did not testify that he had any reason to believe that anyone else was in the house. Thus, the factual question was whether Goolsby had “an objectively reasonable basis for believing that [Fisher was] seriously injured or imminently threatened with such injury.” Brigham City v. Stuart, 547 U. S. 398, 400 (2006).
After hearing the testimony, the trial judge was “even more convinced” that the entry was unlawful. Tr. 29 (Dec. 19, 2006). He noted the issue was “whether or not there was a reasonable basis to [enter the house] or whether [Goolsby] was just acting on some possibilities,” id., at 22, and evidently found the record supported the latter rather than the former. He found the police decision to leave the scene and not return for several hours — without resolving any potentially dangerous situation and without calling for medical assistance — inconsistent with a reasonable belief that Fisher was in need of immediate aid. In sum, the one judge who heard Officer Goolsby’s testimony was not persuaded that Goolsby had an objectively reasonable basis for believing that entering Fisher’s home was necessary to avoid serious injury.
The Michigan Court of Appeals affirmed, concluding that the State had not met its burden. Perhaps because one judge dissented, the Michigan Supreme Court initially granted an application for leave to appeal. After considering briefs and oral argument, however, the majority of that Court vacated its earlier order because it was “no longer persuaded that the questions presented should be reviewed by this Court.” 483 Mich. 1007, 765 N. W. 2d 19 (2009).
Today, without having heard Officer Goolsby’s testimony, this Court decides that the trial judge got it wrong. I am *52 not persuaded that he did, hut even if we make that assumption, it is hard to see how the Court is justified in micromanaging the day-to-day business of state tribunals making fact-intensive decisions of this kind. We ought not usurp the role of the factfinder when faced with a close question of the reasonableness of an officer’s actions, particularly in a case tried in a state court. I therefore respectfully dissent.